IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **JANE DOE,** | |
| *Plaintiff*, | |
| v. | Civil No.: 1:23-cv-03318-JRR |
| **UNIVERSITY OF MARYLAND MEDICAL SYSTEM CORPORATION, et al.,** | |
| *Defendants*. | |

## MEMORANDUM OPINION

Pending before the court is Plaintiff's unopposed Motion to Proceed Under Pseudonym (ECF No. 20), Defendants' unopposed Motion to File Under Seal (ECF No. 16), Plaintiff's unopposed Motion for Leave to File Exhibit 2 to Plaintiff's Motion to Proceed Under Pseudonym Under Seal (ECF No. 21), and Defendants' unopposed Motion to File Under Seal (ECF No. 27).[1] The court has reviewed all papers. No hearing is necessary. Local Rule 105.6 (D. Md. 2023). For the reasons that follow, by accompanying order, Plaintiff's unopposed Motion to Proceed Under Pseudonym (ECF No. 20), Defendants' unopposed Motion to File Under Seal (ECF No. 16), Plaintiff's unopposed Motion for Leave to File Exhibit 2 to Plaintiff's Motion to Proceed Under Pseudonym Under Seal (ECF No. 21), and Defendants' unopposed Motion to File Under Seal (ECF No. 27) will all be granted.

**I.    BACKGROUND**

On December 6, 2023, Plaintiff filed the Complaint. (ECF No. 1.) Plaintiff is an adult woman with Hashimoto's Thyroiditis, Turner's Syndrome, and Non-Celiac Gluten Sensitivity. *Id.*

---

[1] Defendants have also filed a Motion to Dismiss (ECF No. 14), which the court will address separately.

at p. 2.  She alleges that, among other things, Defendants ignored Plaintiff's advanced directive that named her father as her healthcare agent and subjected her to involuntary commitment, physical restraints, and antipsychotic medication in violation of disability anti-discrimination laws.  *Id.* at ¶¶ 14–16, 41, 68.  Plaintiff was also diagnosed with schizophrenia while she was subject to involuntary commitment.  *Id.* at ¶ 33.  Defendants filed a Motion to Dismiss (ECF No. 14) the Complaint with an accompanying Motion to File Under Seal at ECF No. 16, seeking to file Exhibit 1 to ECF No. 14 under seal because it names Plaintiff (by her proper name) and includes personal identifiable information.  (ECF No. 16.)

Because Plaintiff filed her Complaint as Jane Doe and had not sought leave of court to proceed pseudonymously, Pursuant to Federal Rule of Civil Procedure 10(a), the court ordered that Plaintiff either seek leave to proceed by pseudonym or file a supplement to the Complaint identifying herself by name.  (ECF No. 19.)  Plaintiff accordingly filed her Motion to Proceed Under Pseudonym (ECF No. 20), as well as her Motion for Leave to File Exhibit 2 to Plaintiff's Motion to Proceed Under Pseudonym Under Seal (ECF No. 21).  Plaintiff seeks an order allowing her to proceed under the pseudonym, "Jane Doe," in this action due to the highly sensitive medical information at issue in this action.  (ECF No. 20.)  Plaintiff further moved for leave to file under seal Exhibit 2, an order of the Circuit Court for Anne Arundel County, because the state order was sealed.  (ECF No. 20 at p. 4 n.2.)  Similarly, Defendants subsequently moved for leave to file under seal Exhibits 1 through 3 of their reply to Plaintiff's opposition to Defendants' motion to dismiss.  (ECF No. 27.)

II.     **PLAINTIFF'S MOTION TO PROCEED UNDER PSEUDONYM**

Under Federal Rule of Civil Procedure 10(a), a complaint must include a title naming all parties.  FED. R. CIV. P. 10(a).  In exceptional circumstances, however, the court may allow a party

2

to proceed pseudonymously. *Doe v. Pub. Citizen*, 749 F.3d 246, 273–74 (4th Cir. 2014). Before granting a request to proceed pseudonymously, the "district court has an independent obligation to ensure that extraordinary circumstances support such a request by balancing the party's stated interest in anonymity against the public's interest in openness and any prejudice that anonymity would pose to the opposing party." *Id.* at 274. The Fourth Circuit provides five non-exhaustive factors that courts should consider to determine whether to grant a request to proceed pseudonymously:

> [W]hether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; the ages of the persons whose privacy interests are sought to be protected; whether the action is against a governmental or private party; and, relatedly, the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993). "Not all of these factors may be relevant to a given case, and there may be others that are." *Doe v. Alger*, 317 F.R.D. 37, 39 (W.D. Va. 2016).

With respect to the first factor, Plaintiff's request for a pseudonym must be for the purpose of preserving "privacy in a matter of sensitive and highly personal nature" and not "merely to avoid the annoyance and criticism that may attend any litigation." *Jacobson*, 6 F.3d at 238. While a mental disability may be of a sensitive and highly personal nature, this court has previously explained that courts should also look to "how exceptional and stigmatizing the issues must be to allow anonymity." *Smith v. Towson Univ.*, No. CV JRR-22-2998, 2022 WL 18142844, at *2 (D. Md. Nov. 30, 2022), *aff'd,* No. 22-2319, 2023 WL 3053034 (4th Cir. Apr. 24, 2023). *See also Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011) (explaining that "[e]xamples of areas where courts have allowed pseudonyms include cases involving" topics of abortion, mental illness, and

3

AIDS, among others (citation omitted)).

Notably here, the stigmatizing nature of involuntary commitment is great. *See Addington v. Texas*, 441 U.S. 418, 425–26 (1979) ("[I]t is indisputable that involuntary commitment to a mental hospital after a finding of probable dangerousness to self or others can engender adverse social consequences to the individual."). Further, as the Honorable Stephanie A. Gallagher concluded in separate litigation involving these same parties, allegations that Defendants subjected Plaintiff to involuntary commitment and antipsychotic medications "unavoidably implicate medical information of a 'sensitive and highly personal nature.'" *Doe v. Univ. of Maryland Med. Sys. Corp.*, No. CV SAG-23-1572, 2023 WL 3949737, at *2 (D. Md. June 12, 2023). *See also Doe v. Chesapeake Med. Sols., LLC*, Civ. No. SAG-19-2670, 2020 WL 13612472, at *1 (D. Md. Feb. 26, 2020) (finding "information about the plaintiff's medical conditions" to be "sensitive and highly personal"); *Doe v. Cabell Huntington Hosp., Inc.*, No. CV 3:23-0437, 2023 WL 8529079, at *2 (S.D.W. Va. Dec. 8, 2023) (finding that where the plaintiff alleged that the medical information at issue in the lawsuit was "highly personal and sensitive," the first factor weighed "heavily in favor of permitting anonymity").

In the instant case, Plaintiff's allegations pertain to the aforementioned sensitive topics—her health information, her diagnosis with a mental health disorder, her involuntary commitment and the physical and chemical restraints applied to her during same. (ECF No. 1 ¶¶ 14–16, 41, 68.) The court concludes that Plaintiff's allegations contain matters that are of a highly sensitive and personal nature, and, especially in light of the stigmatizing nature of the allegations, the first factor weighs heavily in favor of allowing Plaintiff to proceed by pseudonym. *Jacobson*, 6 F.3d at 238.

The second factor considers whether denying the Motion would "pose[] a risk of retaliatory

physical or mental harm" to Plaintiff. *Id.* Plaintiff argues that public disclosure of her identity and diagnoses will "cause further mental harm to Plaintiff and her family, especially in light of the stigma that attaches to individuals who are involuntarily committed." (ECF No. 20 at p. 4.) While reputation risks alone may not be "sufficient to outweigh the public interest in the openness of this litigation," *Candidate No. 452207 v. CFA Inst.*, 42 F. Supp. 3d 804, 809 (E.D. Va. 2012), there is a risk of retaliatory or mental harm where a plaintiff "may face psychological harm from having [her] sensitive experience made permanently available to anyone with Internet access." *E.E.O.C. v. Spoa, LLC*, No. CIV. CCB-13-1615, 2013 WL 5634337, at *3 (D. Md. Oct. 15, 2013). Where "there could be some risk of mental harm to plaintiff upon public dissemination of her identity in connection with" sensitive personal information, anonymity may be warranted. *Chesapeake Med. Sols., LLC*, 2020 WL 13612472, at *2.

The court is persuaded that, were the court to deny the Motion, Plaintiff would be vulnerable to significant physical or mental harm as a result of her highly sensitive information being made public. *See Spoa, LLC*, 2013 WL 5634337, at *3, *supra*. Judge Gallagher's reasoning in the related case is also applicable here:

> Accepting Plaintiff's allegations as true, it is easy to see how public disclosure of Plaintiff's diagnosis, the events leading to her involuntary admittance, and Defendants' actions in attempting to treat her, could cause further mental harm to Plaintiff. This is particularly true in light of the risk of stigma to individuals who are involuntarily admitted.

*Univ. of Maryland Med. Sys. Corp.*, 2023 WL 3949737, at *3. Therefore, the second factor further weighs in favor of allowing Plaintiff to proceed by pseudonym.

The third factor considers "the ages of the persons whose privacy interests are sought to be protected." *Jacobson*, 6 F.3d at 238. Plaintiff is not a minor. (ECF Nos. 1 at p. 2.) Accordingly, the third factor weighs against permitting Plaintiff to proceed under a pseudonym. *See Smith v.*

*Towson Univ.*, No. CV JRR-22-2998, 2022 WL 18142844, at *2 (D. Md. Nov. 30, 2022), *aff'd*, No. 22-2319, 2023 WL 3053034 (4th Cir. Apr. 24, 2023) (finding that the third factor weighed against permitting the plaintiff to proceed by pseudonym where he was not a minor); *Doe v. Pittsylvania Cnty., Va.*, 844 F. Supp. 2d 724, 731 (W.D. Va. 2012) (same).

The fourth *Jacobson* factor considers whether Plaintiff's action is against a governmental entity or, instead, private party whose reputation may be harmed unfairly if Plaintiff is permitted to proceed anonymously. "[C]ourts in general are less likely to grant a plaintiff permission to proceed anonymously when the plaintiff sues a private individual than when the action is against a governmental entity seeking to have a law or regulation declared invalid." *Doe v. Merten*, 219 F.R.D. 387, 394 (E.D. Va. 2004). "Actions against the government do no harm to its reputation, whereas suits filed against private parties may damage their good names and result in economic harm." *Doe v. Pittsylvania Cnty.*, 844 F. Supp. 2d 724, 730 (W.D. Va. 2012). Plaintiff concedes that the fourth factor should be considered "neutral." (ECF No. 20 at p. 6). The court agrees that the fourth factor does not tip the issue or strongly inform the court's decision, as the allegations concern private individuals as well as, at least with respect to Defendant University of Maryland Medical System Corporation, an institution created by the State.[2] MD. CODE ANN., EDUC. § 13-302.

With respect to the fifth *Jacobson* factor, the court examines whether there is a "risk of unfairness to the opposing party from allowing an action against it to proceed anonymously." 6 F.3d at 238. Where Defendants know who Plaintiff is and are "fully capable of investigating and

---

[2] Even if the court were to conclude that the fourth *Jacobson* factor weighs against anonymity because the underlying policy (that actions against the government do no harm to its reputation) is not applicable to an entity with a more attenuated relationship with the government (as with Defendants University of Maryland Medical System Corporation and Baltimore Washington Medical Center, Inc.), it would not change the court's conclusion in light of the significance of the first two factors.

responding to her allegation," there is no risk that allowing Plaintiff to proceed by pseudonym will prejudice Defendants' defense. *Spoa, LLC*, 2013 WL 5634337, at *3. *See Alger*, 317 F.R.D. at 41 (finding that the fifth factor weighs in favor of anonymity where the defendants are fully aware of the plaintiff's identity and fail to articulate how they would be prejudiced in their defense). Here, Defendants filed their response to the Motion and asserted that they do not oppose Plaintiff's Motion. (ECF No. 24 at p. 1.)  Defendants know Plaintiff's identity.  Therefore, the fifth factor weighs in favor of granting the Motion.

Upon consideration of the *Jacobson* factors and the circumstances of the instant case, the court concludes that the present case implicates Plaintiff's privacy interests pertaining to highly sensitive and stigmatizing matters, and "substantially outweigh the presumption of open judicial proceedings." *See Pub. Citizen*, 749 F.3d at 274, *supra*.  Accordingly, allowing Plaintiff to proceed in this action under the pseudonym "Jane Doe" is warranted.  The court will order that any document that identifies Plaintiff by name, in whole or in part, shall be filed under seal, with redacted copies to be placed in the public file.

### III.    MOTIONS FOR LEAVE TO FILE UNDER SEAL

In light of the court's analysis above, Defendants' Motion to File Under Seal (ECF No. 16) will be granted.  Local Rule 105.11.  Similarly, Plaintiff's Motion for Leave to File Exhibit 2 to Plaintiff's Motion to Proceed Under Pseudonym Under Seal (ECF No. 21) and Defendants' Motion to File Under Seal (ECF No. 27) concern materials that were sealed in the underlying state court proceeding, and the court finds no alternatives to sealing would sufficiently protect the materials from disclosure. *Id.*  Accordingly, the court will grant the motions at ECF Nos. 21 and 27.

### IV.    CONCLUSION

For the reasons set forth herein, by separate order, Plaintiff's unopposed Motion For Leave

to Appear Anonymously (ECF No. 20), Defendants' unopposed Motion to File Under Seal (ECF No. 16), Plaintiff's unopposed Motion for Leave to File Exhibit 2 to Plaintiff's Motion to Proceed Under Pseudonym Under Seal (ECF No. 21), and Defendants' unopposed Motion to File Under Seal (ECF No. 27) will all be granted.

April 12, 2024                                                      /s/_____
                                                                    Julie R. Rubin
                                                                    United States District Judge